IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

    Plaintiff,

v.

D. VALERIE, HSU MANAGER BUCHANAN,
and RN TERESA,

    Defendants.[1]

OPINION and ORDER

20-cv-04-jdp

---

Pro se plaintiff Rick Robinson has filed a lawsuit about his conditions of confinement at Columbia Correctional Institution, alleging that prison staff failed to provide him adequate medical care as required by the Eighth Amendment. The case is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Because the complaint doesn't state a plausible claim against any of the defendants, I will dismiss the complaint. But I will give Robinson an opportunity to file an amended complaint that fixes the problems discussed in this opinion.

ANALYSIS

Robinson's complaint includes little information. He says that defendant Valerie prescribed the "wrong medication" for him in 2019, and he took the medication without knowing that it would cause him to grow breasts. Dkt. 1. In a declaration accompanying the complaint, Robinson says that he told defendant Teresa he received the wrong medication, but she refused to do anything. Dkt. 2. In documents attached to the declaration, Robinson

---

[1] The caption of Robinson's complaint identifies the first defendant as "D Valerius," but I have amended the caption in response to Robinson's letter stating that the correct name is "D Valerie." Dkt. 8.

identifies the medication as acetaminophen and Risperdal. Dkt. 2-1, at 1–2. In a second declaration, Robinson says that he "did not see a Dr or a nurse for this wrong medication." Dkt. 3. I will consider these documents collectively as one operative pleading. *See Otis v. Demarasse,* 886 F.3d 639, 644–45 (7th Cir. 2018) (courts should construe pro se filings liberally).

A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). The condition does not have to be life threatening. *Id.* A medical need may be serious if it "significantly affects an individual's daily activities," *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, *Cooper v. Casey*, 97 F.3d 914, 916–17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, a claim under the Eighth Amendment for failing to provide adequate medical care has three elements:

(1) Did the prisoner need medical treatment?

(2) Did the defendant know that the prisoner needed treatment?

(3) Despite his or her awareness of the need, did the defendant consciously fail to take reasonable measures to provide the necessary treatment?

To satisfy federal pleading standards, Robinson must provide fair notice and state a "plausible" claim for relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). This means that Robinson must provide enough information to allow the court to draw the reasonable inference that the defendants are liable for the alleged misconduct. *Id.* Robinson cannot rely on speculation alone. *Id.*

Robinson hasn't provided enough information to state a claim under the above standard. First, Robinson alleged in a 2018 lawsuit that he received medication that caused him to grow to breasts. *Robinson v. Walker*, No. 18-cv-322-jdp (W.D. Wis. filed May 3, 2018).[2] Is Robinson alleging now that he recovered from the condition in 2018 and then suffered a relapse because of the medication he received in 2019? Or is he saying that the medication he received in 2019 made the problem worse? Or is he alleging something else? Robinson cannot prevail under the Eighth Amendment without a showing of harm *see Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019), so he must explain how the medication he received *in 2019* harmed him.

Second, Robinson doesn't explain his allegation that he took the medication only because he didn't know the medication would cause him to grow breasts. This seems inconsistent with the allegations from his 2018 lawsuit. Is Robinson alleging that the medication he received in 2019 (which he says was Risperdal) was a different medication from what he received in 2018 and that both medications caused him to grow breasts? Or is he alleging that he didn't realize in 2019 that Valerie was prescribing the same medication that

---

[2] I dismissed that lawsuit because the only person Robinson sued was not involved in giving him the wrong medication. No. 18-cv-322-jdp, Dkt. 41.

he had been prescribed for him in 2018? Or is he alleging something else? Robinson should explain why he didn't know the side effects of the medication he took in 2019.

Third, Robinson doesn't explain what he means when he says that Valerie prescribed the "wrong" medication. Is he alleging that Valerie made a mistake and did not intentionally prescribe the wrong medication? Or is he alleging that Valerie chose to prescribe the medication to Robinson, but it was the "wrong" medication because she knew it would cause him to grow breasts? Or is he alleging something else? If Valerie chose to prescribe the medication to Robinson, does he know *why* she chose that medication? Robinson should answer these questions if he can.

Fourth, Robinson says that he told Teresa that he had received the wrong medication, but she refused to do anything about it. But he doesn't explain what he wanted her to do or what she could do to help him. Did he experience a medical emergency? If so, what happened? Did she refuse to schedule a medical appointment for him? Robinson must explain what treatment he needed, why he needed that treatment, and what Teresa could have done to help him.

Fourth, Robinson doesn't include any allegations about defendant Buchanan in any of the documents he filed with the court. Robinson must explain what Buchanan did to violate his rights.

ORDER

IT IS ORDERED that the complaint is DISMISSED without prejudice. Plaintiff Rick Tyrone Robinson may have until March 20, 2020, to file an amended complaint that answers the questions asked in this opinion. If Robinson fails to respond by then, I will dismiss the case

4

for failure to state a claim and record a "strike" in accordance with 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

Entered March 6, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge