IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK TYRONE ROBINSON,

                Plaintiff,

v.

DENISE VALERIUS and TERESA GEIER,

                Defendants.[1]

OPINION and ORDER

20-cv-04-jdp

---

      Pro se plaintiff and prisoner Rick Tyrone Robinson is proceeding on two claims against prison staff at Columbia Correction Institution: (1) defendant Denise Valerius gave Robinson the drug Risperdal without getting Robinson's consent or a prescription from a physician; and (2) defendant Teresa Geier refused to help Robinson get treatment for the side effects of the medication, including pain and the development of breasts. Defendants move for summary judgment on the ground that Robinson didn't exhaust his administrative remedies, as he is required to do under 42 U.S.C. § 1997e(a). Dkt. 26. For the reasons explained below, I will grant the motion on Robinson's claim against Geier and deny the motion on the claim against Valerius.

ANALYSIS

      A prisoner's failure to exhaust is an affirmative defense that defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The key question is whether defendants

---

[1] I have amended the caption to reflect the full names of the defendants, as identified in the acceptance of service form, Dkt. 17.

have shown that Robinson failed to complete the prison grievance process in a manner that complied with prison rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Defendants say that Robinson filed two grievances that are related to this case. First, in a grievance dated November 4, 2019, Robinson wrote: "HSU staff have sent me down the wrong medication two time[s]." Dkt. 28-2, at 9. The institution complaint examiner rejected the grievance on November 5 because it didn't include a "clearly identified issue," as required by Wis. Admin. Code § DOC 310.07(5). *Id.* at 10. The examiner instructed Robinson that he may refile his grievance if he identified what medications he received and what medications he was supposed to receive. *Id.*

Second, in a grievance dated November 27, 2019, Robinson wrote: "HSU sent me down two wrong meds. Rispdeal and Acemhen." *Id.* at 8. Robinson wrote "11-4-19" in the box for "date of incident." *Id.* In the section of the grievance to provide details, Robinson wrote, "I wrote ice [the institution complaint examiner] 11-4-19 and never receive a return from ice." *Id.* The examiner again rejected the grievance, this time because it wasn't filed within 14 days of the incident, as required by Wis. Admin. Code § DOC 310.10(6)(e). Robinson appealed the rejection, *Id.* at 11, but the reviewing authority affirmed the examiner's decision, *id.* at 5.

Defendants contend that neither the November 4 nor the November 27 grievance complied with prison rules, so neither satisfies § 1997e(a). They cite the same reasons as the grievance examiner: the November 4 grievance didn't clearly identify the issue Robinson was raising, and the November 27 was untimely. They also say that Robinson didn't complete the grievance process before he filed this lawsuit, as he was required to do. Specifically, Robinson filed this lawsuit on January 2, 2020, but the reviewing authority didn't decide Robinson's appeal of the rejection of his November 27 grievance until January 6, 2020. Finally, defendants

say that neither the November 4 nor the November 27 grievance complains about a failure to treat side effects from any medication he received, so neither grievance could satisfy § 1997e(a) for Robinson's claim against Geier.

### A. Claim against Valerius for providing the wrong medication

Defendants haven't met their burden to show that Robinson failed to exhaust his claim against Valerius. The examiner was entitled to reject Robinson's November 4 grievance because it didn't include enough information under prison rules. *See Pozo*, 286 F.3d at 1024 (prisoner must "properly take each step within the administrative process"). But when Robinson filed his November 27 grievance, he explained why he didn't submit a new grievance sooner: he said that he never received a response from his November 4 grievance. Under the prison's own rules, the examiner may accept a late grievance if the prisoner provides "good cause for the ICE to extend the time limits." § DOC 310.10(6)(e). A prisoner satisfies the good cause exception if his delay is the result of the actions of prison staff. *See Pyles v. Nwaobasi,* 829 F.3d 860 (7th Cir. 2016). This would include a failure to give the prisoner notice that he was required to file a new grievance. *See Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011). In this case, neither the examiner in his decision nor defendants in their motion addressed Robinson's allegation that he didn't receive a response to his November 4 grievance, so they aren't entitled to summary judgment on the ground that his November 27 grievance was untimely.

Defendants are correct that Robinson filed this lawsuit before prison staff decided his administrative appeal. If a prisoner fails to complete the grievance process before filing his lawsuit, the court must dismiss the claim without prejudice, and require the plaintiff to file a new case. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (district court must "dismiss[]

3

a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending").

But there is a wrinkle in this case. Although defendants discuss only two relevant grievances in their brief, they identify a third grievance in the exhibits filed with their motion. *See* Dkt. 28-2, at 12. That grievance is dated October 30, 2019, and it includes an allegation that HSU staff was providing Robinson the wrong medication. *Id.* Defendants don't explain what happened to this grievance or why it doesn't satisfy § 1997e(a). They included no decision from an examiner either accepting or rejecting the grievance.

In the absence of evidence or argument that the October 30 grievance is insufficient, defendants haven't met their burden to show that Robinson's claim against Valerius should be dismissed. If defendants believe that they can show that Robinson's October 30 grievance doesn't satisfy § 1997e(a), they may raise that issue if they choose to file a motion for summary judgment on the merits.

**B. Claim against Geier for failing to help Robinson receive treatment for side effects**

I agree with defendants that Robinson failed to exhaust his administrative remedies on his claim that Geier failed to help him receive treatment for side effects caused by taking the wrong medication. None of the grievances identified by either side include that issue. The grievances about receiving the wrong medication would not give prison staff notice of any problems related to treatment of side effects. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (the grievance must "alert[ ] the prison to the nature of the wrong for which redress is sought"). So Geier is entitled to summary judgment, and the court will dismiss the claim against her without prejudice. *See Ford,* 362 F.3d at 401 (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Denise Valerius and Teresa Geier, Dkt. 26, is GRANTED in part and DENIED in part. The motion is GRANTED as to Geier and the claim against her is DISMISSED without prejudice. The motion is DENIED as to Valerius.

Entered December 1, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge